IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Antonio L. Williams (R63186), ) <br> ) <br>          Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> Dr. Lamont, ) <br> ) <br>          Defendant. ) | Case No.  22 C 50058 <br><br> Hon. Iain D. Johnston |

**ORDER**

      This Court has reviewed Magistrate Judge Schneider's March 21, 2023 Report and Recommendation for clear error and agrees with its findings and conclusions. The Court adopts the Report and Recommendation [53] in its entirety. Plaintiff's claims are dismissed without prejudice for Plaintiff's failure to prosecute this case. The Clerk of Court is directed to enter final judgment.  This case is closed.

**STATEMENT**

      By order dated March 21, 2023, Magistrate Judge Schneider recommended that this case be dismissed without prejudice for Plaintiff's failure to prosecute this case. Plaintiff has also failed to object to that order pursuant to Federal Rule of Civil Procedure 72(b)(2) and set by court order. *See* Dkt. 53.

      The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

      The Court has reviewed the record in this case and finds that the March 21, 2023 Report and Recommendation is correct upon a de novo review and, in the alternative, is not other "clearly erroneous" under the record here. The Court therefore adopts Magistrate Judge Schneider's Report and Recommendation in its entirety. Plaintiff's claims are dismissed without prejudice for Plaintiff's failure to prosecute this case.

      If Plaintiff wants to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*,

150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Date: May 12, 2023    By: _____
                          Iain D. Johnston
                          United States District Judge